FILED

2018 JUL 26  PM 4: 02

CLERK US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA FLORIDA

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

UNITED STATES OF AMERICA

v.

PAUL DOUGLAS CREIGHTON

CASE NO. 8:18 cr 352 T 33 mAP

18 U.S.C.  § 2422(b)

18 U.S.C.  § 2251(a) and (e)

### INDICTMENT

SEALED

The Grand Jury charges:

### COUNT ONE

Beginning on an unknown date but as early as August 2013, and continuing through on or about December 2016, in the Middle District of Florida, and elsewhere, the defendant,

### PAUL DOUGLAS CREIGHTON,

using a facility and means of interstate commerce, that is, by any means including by computer, did knowingly persuade, induce, entice, and coerce an individual who had not attained the age of 18 years, to engage in sexual activity for which any person could be charged with a criminal offense, that is, the crime of inducing or promoting the sexual performance of a child less than 18 years of age, in violation of Fla. Stat. §§ 827.071(2) and (3).

In violation of 18 U.S.C. § 2422(b).

SEALED

## COUNT TWO

On or about March 21, 2015, in the Middle District of Florida, and elsewhere, the defendant,

### PAUL DOUGLAS CREIGHTON,

did employ, use, persuade, induce, entice, and coerce a minor, A.H., to engage in any sexually explicit conduct for the purpose of producing a visual depiction of such conduct, to wit, file 55aeb004_embedded_1.jpg, knowing and having reason to know that such visual depiction would be transported and transmitted using any means and facility of interstate and foreign commerce,

and the visual depiction was produced and transmitted using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by a cellular telephone.

In violation of 18 U.S.C. § 2251(a) and (e).

## COUNT THREE

On or about June 14, 2015, in the Middle District of Florida, and elsewhere, the defendant,

### PAUL DOUGLAS CREIGHTON,

did employ, use, persuade, induce, entice, and coerce a minor, A.H., to engage in any sexually explicit conduct for the purpose of producing a visual

2

depiction of such conduct, to wit, file 7d3e0_embedded_1.jpg, knowing and having reason to know that such visual depiction would be transported and transmitted using any means and facility of interstate and foreign commerce, and the visual depiction was produced and transmitted using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by a cellular telephone.

In violation of 18 U.S.C. § 2251(a) and (e).

## FORFEITURE

1. The allegations contained in Counts One through Three are incorporated by reference for the purpose of alleging forfeitures pursuant to 18 U.S.C. §§ 1467, 2253, and 2428.

2. Upon a conviction of a violation of 18 U.S.C. § 2422, the defendant, PAUL DOUGLAS CREIGHTON, shall forfeit to the United States, pursuant to 18 U.S.C. § 2428, any property, real or personal, that was used or intended to be used to commit or to facilitate the commission of the offense and any property, real or personal, constituting or derived from any proceeds obtained, directly or indirectly, as a result of the offense.

3. Upon conviction of a violation of 18 U.S.C. § 2252(a), the defendant, PAUL DOUGLAS CREIGHTON, shall forfeit to the United States, pursuant to 18 U.S.C. § 2253, all of his interest in:

a.     Any visual depiction described in 18 U.S.C. §§ 2251, 2251A, or 2252, 2252A, 2252B, or 2260 of this chapter, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, or received in violation of this chapter:

b.     Any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and

c.     Any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property.

5.     The property to be forfeited includes, but is not limited to, One iPhone: Model A1784 / FCC ID: BCG-E3092A IC:579C-E3092A; One Apple touch pad (also commonly referred to as an iPad) FCC ID: BCGA1674 IC:579C-A1674 / Serial: DMPRFFF2GXQ4; and One Microsoft laptop (Microsoft Surface Pro Tablet) with number 013660563653 printed on the device.

6.     If any of the property described above, as a result of any act or omission of the defendant:

a.     cannot be located upon the exercise of due diligence;

b.     has been transferred or sold to, or deposited with, a third party;

4

c.     has been placed beyond the jurisdiction of the court;

d.     has been substantially diminished in value; or

e.     has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. §§ 1467(b) and 2253(b), and 28 U.S.C. § 2461(c).

A TRUE BILL,

Foreperson

MARIA CHAPA LOPEZ
United States Attorney

By: _____
Diego F. Novaes
Assistant United States Attorney

By: _____
Stacie B. Harris
Assistant United States Attorney
Chief, Special Victims Section

FORM OBD-34
APR 1991

No.

# UNITED STATES DISTRICT COURT
### Middle District of Florida
Tampa Division

## THE UNITED STATES OF AMERICA

vs.

## PAUL CREIGHTON

### INDICTMENT

Violations:

Title 18, United States Code, Sections 2422(b), 2251(a), (e)

A true bill

_____
Foreperson

Filed in open court this 26th day

of July 2018.

_____
Clerk

Bail $ _____

GPO 863 525